**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW HAMPSHIRE**

In re:  Case No. 24-10107-KB
   Chapter 13
Raymond J. Holman and
Joshualyn V. Holman,
   Debtors.

Cadence Bank,
   Plaintiff.

v.  Adv. No. 24-1005-KB

Raymond J. Holman and
Joshualyn V. Holman,
   Defendants.

**ORDER**

On April 10, 2025, the Court issued an order (ECF No. 26) (the "Order") requiring the Plaintiff to file a statement of the expenses it incurred due to the Defendants' failure to comply with the Court's final pretrial order (ECF No. 14) and the ultimate postponement of the trial in this case (ECF No. 24). The Plaintiff filed its statement on April 18, 2025 (ECF No. 31) (the "Statement"), and it reflects expenses of $1,562.63, consisting of $972.63 for the travel expenses of the Plaintiff's witness and $590.00 in attorney's fees for preparation of the Plaintiff's Motion in Limine and Request for Sanctions Pursuant to Fed. R. Civ. P. 16(f) (ECF No. 19) (the "Motion"). The Defendants did not file any response to the Statement by the May 7, 2025, deadline set forth in the Order.

Pursuant to Federal Rule of Civil Procure 16(f), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7016, and for the reasons set forth in the Motion and on the record at the hearing on April 10, 2025, the Court orders the Defendants' attorney, Gerald

Neiman,[1] to pay the expenses outlined in the Statement in the amount of $1,562.63 to the Plaintiff on or before <u>May 19, 2025</u>, as a sanction for failing to file a final pretrial statement, which would have included the identification of the Defendants' witnesses and exhibits by the Court's April 3, 2025, deadline.

Date:   May 8, 2025                                    <u>/s/ Kimberly Bacher</u>
                                                                    Kimberly Bacher
                                                                    Chief Bankruptcy Judge

---

[1] At the hearing on the Motion held on April 10, 2025, and in the Defendants' Objection to Motion in Limine (ECF No. 22), Attorney Neiman requested that any sanction be imposed against him personally and not against his clients, the Defendants.