UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

```
************************************
In re:                              *    Bk No. 24-10107-BAH
Raymond J. Holman                   *    Chapter 13
Joshualyn V. Holman                 *
        Debtors                     *
                                    *
                                    *
************************************
Cadence Bank                        *
        Plaintiff                   *
                                    *    Adv. Case # 24-01005-BAH
v.                                  *
                                    *
Raymond J. Holman                   *
Joshualyn V. Holman                 *
        Defendants                  *
                                    *
************************************
```

## DEFENDANTS' OBJECTION TO MOTION FOR FURTHER SANCTIONS

NOW COME Raymond and Joshualyn Holman, by and through their legal counsel, Gerald D. Neiman, Attorney at Law, PLLC, and object to the Plaintiff's Motion for Further Sanctions Against Attorney Neiman, and in support thereof state as follows:

1. Plaintiff seeks sanctions for the Defendants' counsel's failure to timely comply with the Court's Order for sanctions ordering counsel to pay the expenses of the Plaintiff, to wit, a check was presented to counsel for the Plaintiff, and when negotiated for payment was returned for insufficient funds.

2. As the due date for payment of the sanctions approached Defendants' counsel sought the input of Plaintiff' for an extension to the payment due date by email dated May 16, 2025. When no definitive response was given to the request for an extension, Plaintiff's counsel

    delivered a check payable to Cadence Bank from counsel's business checking account on the due date of May 19, 2025.

3. Defendants' counsel represents to this Court that when he presented a check to the Attorneys for Cadence Bank sufficient funds existed in the account to successfully negotiate that payment.

4. It was not until twelve days later on May 30, 2025 that the payment for Cadence Bank was presented for payment.   At that time defendants' counsel's business account dropped below sufficient funds to cover the payment; that insufficient balance was not remedied over the weekend when Cadence Bank apparently attempted to renegotiate the check.

5.  Defendants' counsel will provide to the Attorney for Cadence Bank a certified Bank Cashier's Check for the full balance due at the hearing scheduled at the U.S. Bankruptcy Court for tomorrow (June 11, 2025 at 11:00 a.m.).   Additionally, Defendants' counsel proposes to cover the Cadence Bank fees incurred on the deposit of the non-negotiable check.

6. Defendants' counsel deeply regrets the presentment of an NSF check.   This action was entirely unintentional; and will be quickly remedied.

7. The Defendants and Defendants' counsel object to the imposition of sanctions for this event.

8. The Defendants and their counsel have acted in good faith toward the Plaintiff; we deny there is any act of fraud, dishonesty or deceit in our actions.   And aver that upon payment of the sanction and costs incurred no further sanction is warranted.

Defendants Compliance with Discovery Requests

9. The Defendants deny they have only partially complied with discovery requests. The Defendants assert have fully complied with the Plaintiff's request for production of documents. The Defendants have delivered to Plaintiff's counsel all documents in their possession and control in accordance with this Court's order of May 12, 2025.

10. Plaintiff's counsel has requested a great deal of material related to years' old bank accounts and credit card accounts. Some portions of the material requested are not in the Defendants' possession. In each instance where materials are not in their possession, but may exist from other sources, the Defendants have requested such material from their present and former banks and credit card providers. As such materials become available the Defendants will supplement their answers, as required by Rule 7026( e).

11. In fact, the Defendants have supplemented their answers to the Plaintiff with the production of documents recently received.

12. Plaintiff's counsel has inferred that it is 'highly unlikely' to be able to proceed to a scheduling of trial because of alleged delays in discovery requests delaying a deposition of Ms. Holman.

13. Ms. Holman continues to be prepared to appear for her deposition. No such request for a rescheduling of a deposition has been received.

14. The posturing of Plaintiff's counsel that delays in discovery are preventing them from properly preparing for trial seemly contradict their assertion with their Pre-Trial Statement of January 31, 2025 and statements made to the Court at the Pre-Trial Conference of April 10, 2025 that were prepared to proceed to trial at that time.

15. By this Court's Pre-Trial Scheduling Order signed on August 28, 2024 discovery was to close on January 15, 2025.   No timely extension of that discovery deadline was ever sought by the Plaintiff.

16. By order dated April 10, 2025 this Court re-opened discovery "for the limited purpose of allowing the Plaintiff to propound written discovery on the Defendants, consisting of requests for profit and loss statements and other financial documents."

17. The Plaintiff's requests for an exhaustive array of financial documents months after January 15, 2025 'close of discovery' belie its supposed readiness for trial prior to the reopening of discovery in April 10, 2025.

18. Instead, the Plaintiff is using its vastly superior economic clout and the re-opened discovery to harass and intimidate a relatively powerless debtor.

19. The Court imposed sanctions upon the Defendants' counsel for failure to comply with the Court's pre-trial order in ordering the payment of $1,562.63 for the Plaintiff's travel expenses and the re-opening of discovery for 'limited purpose(s).'

20. The Defendants have made every effort at compliance with the Plaintiff's request for production of documents.

21. The Plaintiff has not been prejudiced in any way nor prevented from preparing its case before this Court by any actions or inactions of the Defendant.

22. Further sanctions are not necessary nor appropriate under these circumstances.

WHEREFORE, the Defendant requests the Court deny the Plaintiff's Motion for Further Sanctions; and for such other and further relief as the Court deems appropriate.

|  |  |
|---|---|
|  | Respectfully submitted,<br>Raymond and Joshualyn Holman<br>By their counsel,<br>Gerald D. Neiman,<br>Attorney at Law, PLLC |
| Date:  June 10, 2025 | /s/ Gerald D. Neiman<br>Gerald D. Neiman, Esq. |
|  | Gerald D. Neiman<br>Attorney at Law, PLLC<br>310 Marlboro St., Suite 201<br>Keene, NH 03431<br>(603) 357-3777<br>BNH #03902 |

## **CERTIFICATE OF SERVICE**

      I, Gerald D. Neiman, Esq. of 310 Marlboro Street, Suite 201, Keene, NH 03431 certify: that on the 10th day of June 2025, a copy of the Objection to Motion for Further Sanctions was electronically served on the following parties:

    Lawrence P. Sumski, Esq.
        - Chapter 13 Trustee
        - Via ECF

    Attorney William J. Amann
        -Attorney for Cadence Bank
        - Via ECF

    US Trustees Office
        -VIA ECF

and all parties of record to receive electronic service.

                              By: /s/ Gerald D. Neiman
                                  Gerald D. Neiman
                                  Attorney at Law, PLLC
                                  310 Marlboro St., Suite 201
                                  Keene, NH 03431
                                  (603) 357-3777
                                  BNH #03902